**In re R & S VINYL PRODUCTS GROUP, L.L.C., Debtor.**

R & S Vinyl Products Group, L.L.C., Movant,

v.

**No Respondent,**

R & S Vinyl Products Group, L.L.C., Movant,

v.

**Certainteed Corporation, Respondent.**

No. 00–11861.

United States Bankruptcy Court, W.D. Pennsylvania.

April 10, 2003.

Lawrence C. Bolla, Erie, PA, for Debtor.

Robert S. Bernstein, Kirk B. Burkley, Pittsburgh, PA, for Certainteed Corporation.

Daniel J. Birsic, Pittsburgh, PA, for S & T Bank.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

Before the Court for confirmation is the Second Amended Plan of Reorganization (the "Plan") filed by R & S Vinyl Products Group, L.L.C. ("Debtor"). Certainteed Corporation ("Certainteed") objects to confirmation of the Plan.

Certainteed was the holder of a second perfected security interest in the Debtor's accounts receivable, inventory, machinery, equipment, office equipment and all other tangible and intangible personal property ("Collateral"). Certainteed's security interest was subordinate to the first security interest of S & T Bank. S & T Bank holds a claim in the amount of $1,393,484.

On November 18, 2002, Debtor filed a Motion to Determine the Secured Status of Certainteed's Claim pursuant to 11 U.S.C. § 506 ("Motion"). In the Motion, Debtor asserts that the value of the Collateral is $785,490 calculated as follows:

| | |
|---|---|
| Accounts receivable | $341,000 |
| Inventory | 89,000 |
| Machinery, equipment and office equipment | 355,490 |
| | $785,490 |

The Debtor further asserts in the Motion that the amount owed S & T Bank exceeds the value of the Collateral and, therefore, the claim of Certainteed must be classified as a general, unsecured claim. Given the values asserted by the Debtor, Certainteed did not respond to the Motion and by Order dated November 21, 2002, Certainteed was determined to be a general unsecured creditor.

On December 3, 2002, Debtor filed a Disclosure Statement and on December 13, 2002, Debtor filed an Amended Disclosure Statement. According to the Disclosure Statements, the total value of Debtor's assets is $1,893,444, calculated as follows:

| | |
|---|---|
| Cash | $ 54,659 |
| Accounts receivable | 540,655 |
| Inventory | 735,895 |
| Office equipment | 43,450 |
| Machinery and equipment | 500,000 |
| Vehicles | 68,785 |
| | $1,893,444 |

The value of the Collateral as shown in the Disclosure Statements varies greatly with the value asserted in the Motion less than a month earlier. The value of the Collateral as stated in the Disclosure Statement is sufficient to secure the full amount of the claims of both S & T Bank and Certainteed. If the lower value stated in the Motion is correct, there is no reason for Debtor to propose a plan which provides for full payment of the claim of S & T Bank, far more than the value of the Collateral.

Based on the conflict in the values asserted by Debtor, Certainteed opposes confirmation and asks the Court to revisit the Motion. Debtor responds that the Motion lists the value of the inventory at liquidation value and the Disclosure Statement lists the inventory on a cost basis. Debtor fails to address in its response the $200,000 difference in the amount of receivables or the $200,000 difference in office equipment and machinery and equipment.

The purpose of the Motion for valuation of the Collateral was to determine

the secured portion of Certainteed's claim for incorporation into the Disclosure Statement and Plan which immediately followed. "Where, as here, the purpose of the valuation is to determine the treatment of a claim by a plan, the values determined at the § 506(a) hearing must be compatible with the values that will prevail on the confirmation date to avoid an inequitable result." *In re Stanley,* 185 B.R. 417, 423–24 (Bankr.D.Conn.1995).

■ The Debtor's current and prospective use of the Collateral is the correct basis for use in a determination of the amount of the lender's secured claim. *Associates Commercial Corp. v. Rash,* 520 U.S. 953, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997); *In re Donato,* 253 B.R. 151 (M.D.Pa.2000); *In re Brace,* 163 B.R. 274, 277 (Bankr.W.D.Pa.1994).

■ The Debtor intends to retain and use the Collateral to generate an income stream. That actual use, rather than the value at a liquidation sale that will not take place, is the proper guide to a determination of value. *Id.*

■ The Debtor's Amended Disclosure Statement and Plan reflect materially different values for the Collateral than asserted in the Motion. Certainteed is entitled to relief from the Order on the Motion because the disparity in statements of value constitute an extraordinary circumstance which renders it inequitable for the Order on the Motion to have prospective application. *In re Stanley,* 185 B.R. 417 (Bankr.D.Conn.1995).

The Order on the § 506 Motion will be vacated and confirmation will be deferred pending resolution of the § 506 Motion. Resolution of the § 506 Motion may result in the need for a further amendment to the Plan to adjust the treatment of the claims of secured creditors.

An appropriate Order will be entered.

*ORDER*

This 10 day of April, 2003, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED as follows:

1. The Default Order dated November 21, 2002 entered at Motion No. 02–QLF–26 is VACATED.

2. Certainteed shall file an Answer to Motion No. 02–QLF–26 within 20 days.

3. Discovery is open.

4. A status conference is fixed for May 12, 2003 at 2:40 p.m. in the Bankruptcy Courtroom, 717 State Street, 7th Floor, Erie, PA. Only 10 minutes have been reserved on the Court's calendar. All parties may participate by telephone pursuant to the instructions on the Court's website.

5. Further consideration on the issue of confirmation of Debtor's Second Amended Plan is deferred pending resolution of Motion No. 02–QLF–26.